FILED IN OPEN COURT
ON 8/5/20 BRH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-368-1FL(3)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   I N D I C T M E N T |
| | ) |
| EDGAR DANIEL CRUZ-MAGALLANES | ) |

The Grand Jury charges that:

## COUNT ONE

On or about December 22, 2014, in the Eastern District of North Carolina and elsewhere, the defendant, EDGAR DANIEL CRUZ-MAGALLANES, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by knowingly making a material misrepresentation causing his acquisition of citizenship, that is:

   a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had committed indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

   b. On Part 11, Question 30.I. of his Application for Naturalization (Form N-400), in response to the question "Have you ever: . . . Made any misrepresentation to obtain any public benefit in the United States?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had misrepresented in his Application to Register Permanent Residence or Adjust Status (Form I-485) that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of

1

indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

c. On Part 11, Question 31 of his Application for Naturalization (Form N-400), in response to the question "Have you ever given any U.S. Government official(s) any information or documentation that was false, fraudulent, or misleading?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had given officials with United States Citizenship and Immigration Services false, fraudulent, and misleading information in his Application to Register Permanent Residence or Adjust Status (Form I-485), in that, he stated that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

d. On Part 11, Question 32 of his Application for Naturalization (Form N-400), in response to the question "Have you ever lied to any U.S. Government official to gain entry or admission into the United States or to gain immigration benefits while in the United States?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had lied to an official with United States Citizenship and Immigration Services to gain lawful permanent resident status in the United States, in that, in his Application to Register Permanent Residence or Adjust Status (Form I-485), he stated that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT TWO

On or about March 3, 2015, in the Eastern District of North Carolina and elsewhere, the defendant, EDGAR DANIEL CRUZ-MAGALLANES, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by

2

Case 5:20-cr-00368-FL   Document 1   Filed 08/05/20   Page 2 of 7

knowingly making a materially false statement during his naturalization interview, that is:

    a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had committed indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

    b. On Part 11, Question 30.I. of his Application for Naturalization (Form N-400), in response to the question "Have you ever: . . . Made any misrepresentation to obtain any public benefit in the United States?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had misrepresented in his Application to Register Permanent Residence or Adjust Status (Form I-485) that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

    c. On Part 11, Question 31 of his Application for Naturalization (Form N-400), in response to the question "Have you ever given any U.S. Government official(s) any information or documentation that was false, fraudulent, or misleading?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had given officials with United States Citizenship and Immigration Services false, fraudulent, and misleading information in his Application to Register Permanent Residence or Adjust Status (Form I-485), in that, he stated that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

    d. On Part 11, Question 32 of his Application for Naturalization (Form N-400), in response to the question "Have you ever lied to any U.S. Government official to gain entry or admission into the United States or to gain immigration benefits while in the United States?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had lied to an official with United States Citizenship and Immigration Services to gain lawful permanent resident status in the United States, in that, in his

Application to Register Permanent Residence or Adjust Status (Form I-485), he stated that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT THREE

On or about March 19, 2015, in the Eastern District of North Carolina and elsewhere, the defendant, EDGAR DANIEL CRUZ-MAGALLANES, did knowingly procure his naturalization as a United States citizen contrary to law, by knowingly making a material misrepresentation causing his acquisition of citizenship, that is:

a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had committed indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

b. On Part 11, Question 30.I. of his Application for Naturalization (Form N-400), in response to the question "Have you ever: . . . Made any misrepresentation to obtain any public benefit in the United States?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had misrepresented in his Application to Register Permanent Residence or Adjust Status (Form I-485) that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

c. On Part 11, Question 31 of his Application for Naturalization (Form N-400), in response to the question "Have you ever given any U.S. Government official(s) any information or documentation that was false, fraudulent, or misleading?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had given officials with United States

Citizenship and Immigration Services false, fraudulent, and misleading information in his Application to Register Permanent Residence or Adjust Status (Form I-485), in that, he stated that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

 d. On Part 11, Question 32 of his Application for Naturalization (Form N-400), in response to the question "Have you ever lied to any U.S. Government official to gain entry or admission into the United States or to gain immigration benefits while in the United States?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had lied to an official with United States Citizenship and Immigration Services to gain lawful permanent resident status in the United States, in that, in his Application to Register Permanent Residence or Adjust Status (Form I-485), he stated that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT FOUR

On or about March 19, 2015, in the Eastern District of North Carolina and elsewhere, the defendant, EDGAR DANIEL CRUZ-MAGALLANES, did knowingly procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant obtained Certificate of Naturalization (Form N-550) # XXXXX2692 by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to law, in that, on or about December 22, 2014, the defendant:

 a. On Part 11, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way

with any of the following: . . . Forcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had committed indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

b. On Part 11, Question 30.I. of his Application for Naturalization (Form N-400), in response to the question "Have you ever: . . . Made any misrepresentation to obtain any public benefit in the United States?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had misrepresented in his Application to Register Permanent Residence or Adjust Status (Form I-485) that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

c. On Part 11, Question 31 of his Application for Naturalization (Form N-400), in response to the question "Have you ever given any U.S. Government official(s) any information or documentation that was false, fraudulent, or misleading?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had given officials with United States Citizenship and Immigration Services false, fraudulent, and misleading information in his Application to Register Permanent Residence or Adjust Status (Form I-485), in that, he stated that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

d. On Part 11, Question 32 of his Application for Naturalization (Form N-400), in response to the question "Have you ever lied to any U.S. Government official to gain entry or admission into the United States or to gain immigration benefits while in the United States?" he answered "No" when in fact, as he then knew, on May 29, 2013, he had lied to an official with United States Citizenship and Immigration Services to gain lawful permanent resident status in the United States, in that, in his Application to Register Permanent Residence or Adjust Status (Form I-485), he stated that he had not knowingly committed any crime of moral turpitude for which he had not been arrested, when in fact, as he then knew, he had committed the crime of moral turpitude of indecent liberties with a child on December 20, 2010, in Wake County, North Carolina.

6

All in violation of Title 18, United States Code, Section 1425(b).

A TRUE BILL
**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 8-5-2020

ROBERT J. HIGDON, JR.
United States Attorney

*Sebastian Kielmanovich*
BY: SEBASTIAN KIELMANOVICH
Assistant United States Attorney

7